## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | | |
|---|---|---|
| **JAY H. LEE,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action Nos. 1:09-0028** |
| | ) | **1:09-0210** |
| **FEDERAL EMERGENCY** | ) | |
| **MANAGEMENT AGENCY,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending are Plaintiffs' requests for injunctive relief and entry of default and Defendants' Motions to Dismiss as Plaintiffs, acting *pro se*, have filed the following Motions: Motion for Temporary Injunction (Document No. 20.); Motion for Emergency Injunctive Relief (Document No. 24.); Motion for Entry of Default (Document No. 33.); and Motion for Temporary Restraining Order (Document No. 46.) and Defendants have filed Motions and Memoranda in Support as follows: (1) Mr. Taylor's Motion to Dismiss (Document Nos. 10 and 11.); (2) Housing Authority of the City of Bluefield's Motion to Dismiss (Document Nos. 13 and 14.); and (3) Federal Emergency Management Agency's Motion to Dismiss for Lack of Proper Service (Document No. 40.).

Having considered the record and applicable law, the undersigned hereby respectfully recommends that Plaintiffs' requests for injunctive relief and entry of default be denied and Defendants' Motions to Dismiss be granted with leave to Plaintiffs to amend their pleadings to state sufficient allegations only in support of their Fair Housing Act discrimination claim if they can.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 13, 2009, Plaintiff, Mr. Jay H. Lee, a Korean American, filed a Complaint thereby initiating Civil Action No. 1:09-0028.[1] (Civil Action No. 1:09-0028,  Document No. 2.)[2] Plaintiff names the Federal Emergency Management Agency [FEMA] as the Defendant. (Id.) Plaintiff states that the home which Plaintiff rented and his business in central Florida were destroyed when hurricanes hit in 2004. (Id., p. 2.) Thereafter, Plaintiff continued to reside in the rental home for about a year though it was unsafe and unsanitary. (Id., p. 4.) It appears that in 2005 Plaintiff received about $2,225 rental assistance under FEMA's Individuals and Households Program [IHP][3] and about $1,964 for personal property damage. Plaintiff used these funds to pay for the rental of the dilapidated home and living expenses. (Id., p. 4.) As Plaintiff's Florida home was to be destroyed, Plaintiff moved to Bluefield, West Virginia, to join his son, daughter and granddaughter in October, 2005. (Id., p. 2, 4.) In October, 2006, Plaintiff, his daughter and granddaughter resided in a home in Bluefield which had a basement "flooded with leaking sewage" and a leaking roof. (Id., p. 4.) Plaintiff alleges that because of these circumstances he and his young daughter "have been in and out of the hospital." (Id., pp. 4 - 5.) It appears that in December, 2008,

---

[1] Mr. Lee also filed an Application to Proceed without Prepayment of Fees and Costs. (Document No. 1.) The undersigned granted Mr. Lee's Application and required him to serve Summonses and the Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. (Document No. 5.)

[2] Because Plaintiffs are acting *pro se*, the documents which they have filed are held to a less stringent standard than if they were prepared by a lawyer, and therefore, are construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[3] Pursuant to Section 408 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. § 5174 and 44 C.F.R. §§ 206.101, *et seq.*, FEMA may provide financial assistance and, if necessary, direct assistance to eligible individuals and households with necessary expenses and serious needs as a direct result of a major disaster and no other means of meeting them.

Plaintiff was living in a garage in Bluefield with a "temperature [of] 26 degrees, it is very cold . . .." (Id., p. 5.) Plaintiff was "granted a Housing Choice Voucher and The Bluefield Housing Authority refused to pay . . .." (Id., p. 2.) Plaintiff asserts that FEMA "engaged in acts of discrimination" against Plaintiff and his family. (Id., p. 3.) Plaintiff appears to be contending that FEMA engaged in discriminatory conduct preventing him from obtaining federal funding for housing in Bluefield, West Virginia, in violation of the Civil Rights Act, 42 U.S.C. §§ 1981, *et seq.*, and 42 U.S.C. § 2000d; the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. § 5174[4]; and the Fair Housing Act, 42 U..S.C. § 3604[5]. (Id., pp. 4 - 7.) Plaintiff indicates that he has lodged complaints with a number of State and Federal agencies and offices and has received

---

[4] 42 U.S.C. § 5174(a)(1) provides that "the President, in consultation with the Governor of a State, may provide financial assistance and, if necessary, direct services, to individuals and households in the State who, as a direct result of a major disaster, have necessary expenses and serious needs in cases in which the individuals and households are unable to meet such expenses or needs through other means." The statute goes on to specify, among other things, the types of assistance which might be utilized and the eligibility requirements for them. 42 U.S.C. § 5151(a) provides that "[t]he President shall issue, and may alter and amend, regulations as may be necessary for the guidance of personnel carrying out Federal assistance functions at the site of a major disaster or emergency. Such regulations shall include provisions for insuring that the distribution of supplies, the processing of applications, and other relief and assistance activities shall be accomplished in an equitable and impartial manner, without discrimination on the grounds of race, color, religion, nationality, sex, age, disability, English proficiency, or economic status." Regulations pertaining to disaster relief include a nondiscrimination provision at 44 C.F.R. § 206.11(b).

[5] 42 U.S.C § 3604(b) states that

As made applicable by section 3603 of this title and except as exempted by sections 3603(b) and 3607 of this title, it shall be unlawful –
* * *
(B) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

3

"a determination of 'NO CAUSE.'" (Id., p. 2.)[6]

On March 9, 2009, Plaintiffs Mr. Jay H. Lee and his son and daughter filed a Complaint initiating Civil Action No. 1:09-0210. (Civil Action No. 1:09-0210, Document No. 2.) Plaintiffs name as Defendants (1) Cindy Preast, Executive Director of the Housing Authority of the City of Bluefield; (2) Gwendolyn Dowell, Section 8 Coordinator of the Housing Authority of the City of Bluefield; and (3) Mark Taylor, President and Executive Director of the West Virginia Association of Housing Agencies. (Id.) Plaintiffs contend that Defendants engaged in housing discrimination "by making housing opportunities unavailable" to Plaintiffs due to their national origin. (Id., p. 2.) Specifically, Plaintiffs allege that Defendants "unlawfully restricted the ability of [this] Asian Korean American Family to obtain federally funded Housing Choice Voucher assistance in the City of Bluefield, WV." (Id.)

On March 19, 2009, Plaintiffs filed a further Complaint in Civil Action Nos. 1:01-0028 ((Document No. 8.) and 1:09-0210 (Document No. 10.) which the Clerk has designated an "Amended Complaint." Plaintiffs allege that Plaintiff Julie Lee, Plaintiff Jay Lee's daughter, obtained a Section 8 Voucher for a three-bedroom residence from the Beckley Housing Authority

---

[6] It appears from copies of documents which Plaintiffs attached to their Complaint in Civil Action No. 1:09-210 (Document No. 2.) that Plaintiffs filed complaints alleging discrimination with the United States Department of Housing and Urban Development and the West Virginia Human Rights Commission in August, 2006. (Id., Exhibit 3, pp. 21 - 29; Exhibit 4, pp. 1 - 3.) The Department of Housing and Urban Development completed its investigation and informed Plaintiffs by letter dated September 17, 2008, that "the Department finds that the Recipient did not discriminate against Complainant Lee because of his national origin. Therefore, the Department concludes that the Recipient did not violate Title VI as alleged by the Complainant." (Id., Exhibit 3, pp. 21 - 29.) The West Virginia Human Rights Commission denied Plaintiffs' claim and issued a Notice of Right to Sue on June 18, 2007. (Id., Exhibit 4, pp. 3 - 4.)

on February 23, 2006. (Id., ¶ 12.)[7] On February 28, 2006, Plaintiffs requested to use the Voucher for housing in Bluefield, West Virginia, and their request was approved. (Id., ¶ 13.) Mr. Lee looked for and tried to rent housing for several months in Princeton and Bluefield, West Virginia. (Id., ¶¶ 14 - 19, 23, 25 - 27.) In mid- June, 2006, Plaintiffs found a house to rent and began making arrangements through Bluefield Housing Authority. (Id., ¶¶ 25 - 31.) On June 20, 2006, however, Ms. Dowell informed Plaintiffs that the property which Plaintiffs proposed to rent "was not a Section 8 unit" and Bluefield Housing Authority would not pay rent for it. (Id., ¶ 33.) Shortly thereafter, Plaintiffs' Voucher entitling them to rent relief expired.

By Order filed on March 19, 2009, the undersigned consolidated Civil Action Nos. 1:09-0028 and 1:09-0210. (Document No. 6.)

On April 8, 2009, Mr. Taylor filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Memorandum in Support. (Document Nos. 10 and 11.) Mr. Taylor asserts that the only allegations contained in Plaintiffs' pleadings respecting him are that he is the President and Executive Director of the West Virginia Association of Housing Agencies, operated certain premises under the Section 8 Housing Choice Voucher Program and may contact the Department of Housing and Urban Development. See Document No. 2 (Plaintiff's Complaint) in Civil Action No. 1:09-0210, ¶ 8. Mr. Taylor further asserts that Plaintiffs' pleadings are "unintelligible, nonsensical, frivolous and repetitive." Mr. Taylor claims that Plaintiff's allegations do not amount to a short and plain statement of any claim against him showing that Plaintiff is entitled to relief as Rule of Civil Procedure 8(a)(2) requires and therefore Plaintiff's Complaint against him should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has failed to state

---

[7] The Voucher had an expiration date of June 22, 2006.

a claim against him for which relief may be granted.

On April 10, 2009, Ms. Cindy Preast, Ms. Gwendolyn Dowell and the Bluefield Housing Authority filed a Motion to Dismiss pursuant to Rule of Civil Procedure 12(b)(6) and Memorandum in Support. (Document Nos. 13 and 14.) Defendants assert that Plaintiffs' Complaint must be dismissed because (1) their claims are barred under the applicable statute of limitations (Document No. 14, pp. 6 - 7.); (2) Plaintiffs' Complaint contains only conclusory allegations of discrimination, and the Defendants acted properly within the scope of their authority (Id., pp. 7 - 12.); and (3) Plaintiffs claims against Ms. Preast and Ms. Dowell are barred as a matter of law based upon principles of vicarious liability and immunity (Id., pp. 12 - 14.).

On April 20, 2009, Plaintiffs filed a Motion for Temporary Injunctive Relief pursuant to 42 U.S.C. § 3613(c).[8] (Document No. 20.) It appears that Plaintiffs would incorporate the allegations contained in the Complaint and are seeking "Temporary Injunction relief to prevent threatened 'irreparable injury day after day', maintain the status quo, or the litigation during trial." (Id., p. 4.)

---

[8] 42 U.S.C. § 3613 states as follows:

(a) Civil action

(1)(A) An aggrieved person may commence a civil action in an appropriate United States District Court or State Court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . . to obtain appropriate relief with respect to such discriminatory housing practice . . ..

* * *

(c) Relief which may be granted
(1) In a civil action under subsection (a) of this section, if the court finds that a discriminatory housing practice has occurred or is about to occur, the court may award the plaintiff actual and punitive damages, and . . . may grant as relief, as the court deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order (including an order enjoining the defendant from engaging in such practices . . . as may be appropriate.)

On April 23, 2009, Mr. Taylor filed a Response to Plaintiffs' Motion for Temporary Injunctive Relief. (Document No. 22.) Mr. Taylor asserts that Plaintiffs' Motion must be denied because Plaintiffs did not comply with Federal Rule of Civil Procedure 65 in requesting injunctive relief and the Court should not consider their Motion without first considering his Motion to Dismiss (Document No. 10.).[9] On April 24, 2009, Ms. Preast, Ms. Dowell and Bluefield Housing Authority joined in Mr. Taylor's Response to Plaintiff's Motion for Temporary Injunctive Relief. (Document No. 23.)

On April 28, 2009, Plaintiffs filed a document entitled "The Existence of Genuine Evidence of Fact for Motion to Emergency Injunction Relief." (Document No. 24.) This document is a melange of citations to legal principles and standards germane to injunctive relief and information of little relevance to Plaintiffs' claims. Considering this document and the documents attached to it, the undersigned finds nothing which indicates that the Plaintiffs are entitled to injunctive relief.

Mr. Taylor filed a Response to Plaintiffs document on May 1, 2009, stating that "Plaintiffs' request for injunctive relief is procedurally defective, premature, and incoherent such that it fails to satisfy the standards for a preliminary injunction." (Document No. 25, p. 3.)

On May 11, 2009, Plaintiffs filed a document apparently in response to Mr. Taylor's Motion to Dismiss basically reiterating their allegations, restating their requests for relief contained in their pleadings and requesting a hearing. (Document No. 28.)

On May 12, 2009, Mr. Taylor filed a Reply to Plaintiff's Response to Motion to Dismiss

---

[9] Mr. Taylor asserts that this matter must be dismissed pursuant to Rule of Civil Procedure 12(b)(6) because Plaintiffs' pleadings are unintelligible, nonsensical, frivolous and repetitive and therefore not in a "short and plain statement of the claim" as contemplated under Rule 8(a). Mr. Taylor further states that "the Complaints . . . fail to connect [him] to any perceived wrongdoing." (Document No. 11, pp. 3 - 6.)

7

stating that "the solitary allegation in Plaintiffs' Complaint referencing Mr. Taylor is unconnected with any alleged wrongdoing." Mr. Taylor further contends that "Plaintiffs' Complaint(s) and various other pleadings, motions and proposed orders are frivolous and nonsensical." (Document No. 29.)

On May 15, 2009, Plaintiffs filed a Memorandum which the undersigned construes as a reply to the Bluefield Housing Authorities' Motions to Dismiss. (Document No. 30.) Plaintiffs again restate their allegations, claims and demands.

On May 26, 2009, Plaintiffs filed a Request for Entry of Default with an Affidavit of Mr. Lee in Support of Motion for Default Judgment attached. (Document No. 33.) In his Affidavit, Mr. Lee states that FEMA was served on March 23, 2009, and had not filed a response within sixty days thereafter. Thus, Plaintiffs request the entry of a default judgment against FEMA because "the record in this case demonstrates that there has been a failure to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure."

On May 27, 2009, Ms. Preast, Ms. Dowell and Bluefield Housing Authority filed a Reply to Plaintiffs' Response to their Motion to Dismiss. (Document No. 36.) Defendants assert that "Plaintiffs repeat the same allegations set forth in their Amended Complaint, which fail to establish any cognizable claim for relief . . .." Defendants also argue that documents which Plaintiffs have submitted do not corroborate their allegations of discrimination and their allegations that Defendants lied to them are unsubstantiated.

On June 3, 2009, Plaintiffs filed a document which appears to be in further response to the Motion to Dismiss of Ms. Preast, Ms. Dowell and Bluefield Housing Authority. (Document No. 37.) This document contains statements about the law which Plaintiffs believe is applicable and citations

8

to many cases without any discussion about them and has attached to it copies of documents filed in conjunction with Plaintiffs' Title VI and Title VIII complaint to the West Virginia Human Rights Commission.

On June 9, 2009, the Federal Emergency Management Agency [FEMA] filed a Motion to Dismiss for Lack of Proper Service (Document No. 40.). As FEMA indicates, on January 13, 2009, when Plaintiff, Jay Lee, filed his Complaint in Civil Action No. 1:09-0028, he submitted a Summons addressed to "FEMA Individuals/Households Program Officer" in Hyattsville, Maryland (Document No. 3.), and thereafter attempted to serve FEMA by delivering the Summons and a copy of his Complaint to a Regional Field Director in Hyattville, Maryland, as is evident from a certified mail receipt (Document No. 31.). FEMA states that Plaintiff was required to serve FEMA by delivering a copy of the Summons and Complaint to the Office of the United States Attorney and the Attorney General of the United States pursuant to Federal Rule of Civil Procedure 4(i)(1) and provide a copy by certified mail to FEMA's Office of General Counsel pursuant to 44 C.F.R § 2.13.

On June 12, 2009, Plaintiffs filed a document which the Clerk has designated Plaintiffs' Response in Opposition to FEMA's Motion to Dismiss. (Document No. 41.) The undersigned finds nothing in this document which indicates that Plaintiffs served FEMA with a copy of the Summons and Complaint in any other way than appears in the record.

Between June 26 and July 7, 2009, Plaintiffs filed further documents pertaining to their housing and claims including a further document appearing to request a Temporary Restraining Order on grounds that they have an urgent emergency need as 2004 hurricane victims from Ocoee, Florida. (Document No. 46.)

On June 29, 2009, the undersigned held a status conference with respect to the pending

9

motions and Plaintiffs' continuing as *pro se* litigants with Mr. Lee attending in person and Defendants' attorneys attending telephonically. (Document Nos. 42 and 49.)

## THE STANDARDS

### Injunctive Relief.

Rule 65(b) of the Federal Rules of Civil Procedure sets forth the limited circumstances under which a temporary restraining order can be granted as follows:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

The Fourth Circuit explained the different functions of temporary restraining orders and preliminary injunctions in Hoechst Diafoil Company v. Nan Ya Plastics Corporation, 174 F.3d 411, 422 (4th Cir. 1999), as follows:

> While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held: '[U]nder federal law [temporary restraining orders] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.' Granny Goose, 415 U.S. at 439.

In considering whether injunctive relief is appropriate, the District Court must balance the hardships likely to befall the parties if the injunction is, or is not, granted. Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 196 (4th Cir. 1977). Proper balancing of the hardships requires the District Court to weigh the relative importance of four factors:

(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied;

10

      (2) the likelihood of harm to the defendant if the requested relief is granted;

      (3) the likelihood that the plaintiff will succeed on the merits; and

      (4) the public interest.

Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997) (*quoting* Rum Creek Coal Sales, Inc., v.

Caperton, 926 F.2d 353, 359 (4th Cir. 1991)). Consideration of the first two factors is the first step

in the analysis. Blackwelder, 550 F.2d at 196. If the District Court concludes that the balance of the

potential hardships favors the Plaintiff, then "it is enough that grave or serious questions are

presented; and plaintiff need not show a likelihood of success." Id. Injunctive relief is authorized

under the Fair Housing Act. 42 U.S.C. § 3613(c)(1)("In a civil action under subsection (a) of this

section, if the court finds that a discriminatory housing practice has occurred or is about to occur,

the court may award to the plaintiff actual and punitive damages, and subject to subsection (d) of

this section, may grant as relief, as the court deems appropriate, any permanent or temporary

injunction, temporary restraining order, or other order (including and order enjoining the defendant

from engaging in such practice or ordering such affirmative action as may be appropriate ).");

Baltimore Neighborhoods, Inc., v. LOB, Inc., 92 F.Supp.2d 456, 468 (D.Md. 2000)("The principal

limitation on the court's equitable powers is that the relief should be no broader and no more

burdensome than necessary to provide complete relief to the plaintiff.")[10]

**Dismissal Under Rule 12(b)(6).**

      "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

---

[10] At least one Court has observed that "the two most common forms of injunctive relief requested under the FHA seek to prohibit the offending party from engaging in future acts of housing discrimination or to impose upon that party certain affirmative duties to atone for past discrimination and prevent recurrence of such acts." *Ueno v. Napolitano*, 2007 WL 1395517, *6 (E.D.N.Y.)

requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atlantic Corporation v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1959, 167 L.Ed.2d 929 (2007)(reference to Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), omitted.) Dismissal is proper under Rule 12(b)(6) where, construing the allegations of the Complaint in a light most favorable to the Plaintiff and assuming the alleged facts to be true, it is clear as a matter of law that no relief could be granted under any set of facts which could be proven consistent with the allegations. Deference is given to *pro se* Complaints. *See* Gordon v. Leeke, 574 F.2d 1147, 1153 (4ᵗʰ Cir. 1978)(A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 340 F.2d 603, 604 (4ᵗʰ Cir. 1965)(*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d  340 (1992).

## DISCUSSION

I.   **Plaintiffs' Motions for Injunctive Relief (Document Nos. 20, 24 and 46.) and Entry of Default (Document No. 33.).**

Reading Plaintiffs' pleadings and the documents which they have submitted as attachments liberally as the Court must, the undersigned finds no indication what actions of the Defendants the

Plaintiffs would have the Court enjoin or what Plaintiffs would have the Court order Defendants to do. Assuming that Plaintiffs would request that the Court enjoin future acts of discrimination by Defendants or require affirmative action of Defendants to atone for their discriminatory conduct against Plaintiffs as is commonly requested in cases of this nature as noted above, the undersigned finds that the record indicates no basis for relief in either form. Plaintiffs obtained a Housing Voucher through the Defendants. The Voucher expired in June, 2006, and it is not evident that Plaintiffs have made any further application for housing assistance. When the Voucher expired, Plaintiffs promptly complained to numerous State and federal agencies that Defendants had discriminated against them as they attempted to utilize the Housing Voucher in renting a home by refusing to accept a home which they had found. The West Virginia Human Rights Commission and the United States Department of Urban Development considered Plaintiffs' complaints and, after an investigation, found no discrimination. While Plaintiffs have had great difficulty finding a place to live and have lived under harsh conditions, there is no indication that their difficulty and circumstances are attributable to the actions of Defendants. There is further no evidence that Defendants engaged in a pattern and practice of discrimination. For these reasons, the undersigned finds no basis for injunctive relief and respectfully recommends that the Court deny Plaintiffs' Motion for Temporary Injunction (Document No. 20.); Motion for Emergency Injunctive Relief (Document No. 24.); and Motion for Temporary Restraining Order (Document No. 46.).

Respecting Plaintiffs' Request for Entry of Default against FEMA(Document No. 33.), the undersigned finds that the entry of default against FEMA is inappropriate for two reasons. First, as the undersigned finds below, it is clear that Plaintiffs have not served FEMA with a Summons and copy of the Complaint in conformity with the Rules of Civil Procedure. FEMA is therefore not

13

officially a party to this action, and the District Court is without jurisdiction to enter default against it. Second, even if Plaintiffs had served FEMA properly, it would be inappropriate to enter default against it based upon its failure to file a responsive pleading. Rule of Civil Procedure 55(d) states that "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." The mere failure of an agency of the United States to respond to a properly filed and served Complaint does not suffice to establish a claim or right to relief. See United States v. Zulli, 418 F.Supp. 252, 253 (E.D.Pa. 1975); Worrell v. United States Parole Commission, 2008 WL 4137680 (N.D.W.Va. 2008)(District Judge Stamp). Default may be entered against an agency of the United States on the basis of evidence indicating that a plaintiff's claims are meritorious. Bostic v. Harris, 484 F.Supp. 686, 687 (S.D.W.Va. 1979). Having thoroughly examined the record, the undersigned finds at this juncture that Plaintiffs have not submitted evidence indicating that their claims of discrimination have merit. Plaintiffs' Motion  for Entry of Default (Document No. 33.) should also be denied.

## II.     Defendants Taylor's, Preast's, Dowell's, Bluefield Housing Authority's and FEMA's Motions to Dismiss (Document Nos. 10, 13 and 40.).

Defendants assert that this matter must be dismissed pursuant to Rule 12(b)(5) and (6) of the Federal Rules of Civil Procedure. Reading Plaintiffs' pleadings and documents which they have attached, the undersigned finds that Plaintiffs are contending that Mr. Taylor, Ms. Preast, Ms. Dowell and Bluefield Housing Authority discriminated against them in violation of the Civil Rights Act, 42 U.S.C. §§ 1981, et seq., and the Fair Housing Act, 42 U.S.C. § 3164, and FEMA did so in violation of the Stafford Act, 42 U.S.C. § 5151(a) and the regulation promulgated pursuant thereto.

14

1.     **Statute of limitations.**

Defendants Preast, Dowell and the Bluefield Housing Authority assert that Plaintiffs' claims should be dismissed under West Virginia's two-year statute of limitations, as the last events which are the basis for Plaintiffs' claims of discrimination occurred in June – July, 2006, and Plaintiffs filed their Complaint initiating Civil Action No. 1:09-0210 against them about two years and eight months later on March 9, 2009.

No federal statute establishes a period of limitations within which claims of discrimination must be brought under 42 U.S.C. § 1983. Federal Courts resort, therefore, to analogous State statutes of limitations. Wallace v. Kato, 549 U.S. 384, 388, 127 S.Ct. 1091, 1094, 166 L.Ed.2d 973 (2007)("Section 1983 provides a federal cause of action, but in several respects . . . federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury tort.")  In West Virginia, the applicable statute of limitations for Section 1983 action is two years pursuant to W. Va. Code § 55-2-12(b). Bell v. Board of Education of County of Fayette, 290 F.Supp.2d 701, 709 (S.D.W.Va. 2003). When a claim accrues, however, is a matter of federal law. Wallace v. Kato, 549 U.S. at 388, 127 S.Ct. at 1095 ("[T]he accrual date of a § 1983 action is a question of federal law that is not resolved by reference to state law.") A discrimination claim accrues when a plaintiff knew or should have known of the violation of his rights. National Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1162 (4th Cir. 1991). The period of limitations applicable to a Section 1983 claim is not tolled during the pendency of administrative proceedings based upon the same facts and circumstances. Johnson v. Railway Express Agency, Inc., 421 U.S.453, 465 - 466, 95 S.Ct. 1716, 1722 - 1723, 44 L.Ed.2d 295 (1975).

Claims of discrimination under 42 U.S.C. § 3604 are subject to the two-year statute of limitations set forth at 42 U.S.C. § 3613(a)(1)(A) and (B) as follows:

> (A) An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . . to obtain appropriate relief with respect to such discriminatory housing practice . . . .
>
> (B) The computation of such 2-year period shall not include any time during which an administrative proceeding under this subchapter was pending with respect to a complaint or charge under this subchapter based upon such discriminatory housing practice.

Assuming that Plaintiffs' allegations are sufficient and true, the undersigned finds that the Defendants' last act of housing discrimination occurred and Plaintiffs' cause of action accrued no later than June 22, 2006, when the Housing Voucher expired. Plaintiffs sought relief in the West Virginia Human Rights Commission and the United States Department of Urban Development with the latter agency concluding its investigation and entering its findings on September 17, 2008. Plaintiff filed his Complaint against Ms. Preast, Ms. Dowell and Bluefield Housing Authority on March 9, 2009. Clearly, the applicable two-year statute of limitations bars Plaintiffs' claims under 42 U.S.C. §§ 1981, *et seq.*, as Plaintiffs brought them more than two years and seven months after their claims accrued (June 22, 2006 – March 9, 2009). Under 42 U.S.C. § 3613(a)(1)(A) and (B), however, the two-year period of limitation was effectively tolled until September 17, 2008, when the United States Department of Urban Development issued its decision. Plaintiffs initiated these proceedings alleging their FHA discrimination claim about six months later, well within the two-year period. Defendants' Motion to Dismiss based upon the statute of limitations should therefore be granted with respect to Plaintiffs' civil rights claim and denied with respect to their FHA claim.

## 2.    Plaintiffs' Conclusory Allegations of Discrimination.[11]

Mr. Taylor, Ms. Preast, Ms. Dowell and Bluefield Housing Authority have asserted that Plaintiffs' claims must be dismissed because Plaintiffs' allegations do not implicate them in any discriminatory conduct. Citing United States District Judge Brinkema's decision in Sudduth v. Vasquez, 2009 WL 211572 (E.D.Va.), aff'd 332 Fed.Appx. 156 (4th Cir. 2009), as similar to the case sub judice, Ms. Preast, Ms. Dowell and Bluefield Housing Authority assert that Plaintiffs have made only conclusory allegations of discrimination and have failed to allege facts and circumstances in support of their claims. Acting pro se, Mr. Sudduth, who is African-American, Muslim and disabled, alleged that numerous defendants discriminated against him in providing him housing under the Fair Housing Act. District Judge Brinkema considered whether Mr. Sudduth's claims should be dismissed under 28 U.S.C. § 1915(e)(2)(B). Citing the Fourth Circuit's decision in Betsey v. Turtle Creek Assocs., 736 F.2d 983, 986 (4th Cir. 1984), Judge Brinkema stated that "[a] plaintiff may demonstrate a prima facie case of discrimination by showing that the challenged practice was motivated by a discriminatory purpose or had a discriminatory impact." Sudduth at *2. Judge Brinkema further considered the elements of discrimination claims under the Americans with Disabilities Act and the Rehabilitation Act. Id. Judge Brinkema found that Mr. Sudduth had "not alleged facts to support his claim that the actions of . . . Defendants were motivated by a discriminatory purpose or had a disparate impact." Id. With respect to other defendants, Judge

---

[11] The undersigned has concluded that Plaintiffs' Civil Rights Act claim must be dismissed because it was filed beyond the time allowed by the applicable statute of limitations and Plaintiffs' claim against FEMA must be dismissed because Plaintiffs did not serve FEMA as required under the Rules of Civil Procedure. Plaintiffs' FHA claim is therefore the only claim remaining, and the undersigned will consider whether Plaintiffs' allegations of housing discrimination are sufficient to state a claim for which relief may be granted.

Brinkema found that "Plaintiff has not pled sufficient facts to support his allegation that the . . . Defendants' decision not to show or rent an apartment . . . was motivated by race discrimination rather than financial ineligibility." Sudduth at *4. Judge Brinkema regarded Mr. Sudduth's allegations of discrimination to be conclusory, without any factual support and unable to withstand a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Sudduth at *2. Finding that Mr. Sudduth failed to state a claim for which relief could be granted, Judge Brinkema dismissed his claims pursuant to 28 U.S.C. § 1915(e)(2) with leave to amend within twenty days in view of his status as a *pro se* litigant. Sudduth at *7.

Following District Judge Brinkema's course of analysis by reading all of Plaintiffs' documents in view of the elements of a housing discrimination claim under the FHA, the undersigned finds that Plaintiffs have failed to allege a sufficient basis for their housing discrimination claim. A plaintiff alleging housing discrimination is required to make a *prima facie* showing that (1) he is a member of a protected class, (2) he applied for and was qualified to rent or purchase certain property or housing, (3) he was rejected and (4) the housing or rental property remained available thereafter. Mencer v. Princeton Square Apartments, 228 F.3d 631, 634 - 635 (6th Cir. 2000). Plaintiffs, a Korean family, allege essentially that Ms. Preast, Ms. Dowell and Bluefield Housing Authority discriminated against them by refusing to honor their Housing Voucher for the rental of a home in June, 2006. There are several reasons why Defendants may have refused to honor Plaintiffs' Housing Voucher for the rental of a home which do not imply any discriminatory motive. For example, the home may not have been approved or may not have qualified as a Section 8 property. Plaintiffs' allegations contain no indication that they were qualified to rent the home and the home was approved and qualified as a Section 8 property. Plaintiffs allegations fail therefore at

18

the second element of a FHA housing discrimination claim as stated above. Accordingly, Plaintiffs' claim that Defendants discriminated against them based upon their national origin in violation of 42 U.S.C. § 3604 is conclusory and not supported by sufficient allegations of fact. Defendant's Motion to Dismiss should therefore be granted, and leave should be given to Plaintiffs to amend their pleadings to state facts and circumstances which support a claim of housing discrimination in conformity with Federal Rule of Civil Procedure 8(a)(2) if they can.[12] Having determined that Plaintiffs' FHA claim must be dismissed, the undersigned will not consider Ms. Preast's and Ms. Dowell's assertions that Plaintiffs' claims are barred under principles of vicarious liability and qualified immunity.[13]

### 3.      **FEMA's Motion to Dismiss (Document No. 40.).**

FEMA claims that Plaintiffs were required to serve FEMA by delivering a copy of the Summons and Complaint to the Office of the United States Attorney and the Attorney General of the United States pursuant to Federal Rule of Civil Procedure 4(i)(1) and providing a copy by certified mail to FEMA's Office of General Counsel pursuant to 44 C.F.R § 2.13.[14] Because they did not, FEMA asserts, Plaintiffs' action must be dismissed.

---

[12] Rule 8(a)(2) provides that "[a] pleading that states a claim for relief must contain: * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief."

[13] Citing the United States Supreme Court's decision in *Meyer v. Holly*, 537 U.S. 280, 123 S.Ct. 824, 154 L.Ed.2d 753 (2003), Ms. Preast and Ms. Dowell contend that Bluefield Housing Authority is liable for their actions and omissions committed in their official capacities and they cannot be held liable individually. They further contend that Plaintiffs' claims are barred under principles of qualified immunity.

[14] 44 C.F.R. § 2.13(c)(1) states that FEMA's Office of General Counsel is "authorized to exercise the duties and powers of the Director to: (1) Accept service of process on behalf of the agency, and on behalf of its officials and employees in connection with performance of their official duties[.]"

19

When sufficiency of service is raised as a defense under Rule of Civil Procedure 12(b)(5), the plaintiff has the burden of establishing that service of process has been effectuated in conformity with Rule 4. See Wolfe v. Green, 660 F.Supp.2d 738, 750 (S.D.W.Va. 2009). When it is evident that a party has failed to accomplish service of process pursuant to Rule 4, dismissal is in order. Rule of Federal Rule of Civil Procedure 4(i)(1) and (2) state how a party must serve a Summons and Complaint upon the Untied States, its agencies, corporations, officers or employees as follows:

(1) **United States.** To serve the United States, a party must:
   (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or
     (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office:
   (B) send a copy of each by registered or certified mail to that Attorney General of the United States at Washington, D.C.; and
   (C) if the action challenges an order of the non-party agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
(2) **Agency; Corporation; Officer or Employee Sued in an Official Capacity.** To serve a United States agency or corporation, or a United States officer or employee sued in an official capacity, a party must serve the United States and also send a copy of the summons and complaint by registered or certified mail to the agency, corporation, officer, or employee.

Federal Rule of Civil Procedure 4(m) requires that service of a summons and complaint be made upon a defendant within 120 days of the filing of the complaint. Dismissal of the complaint without prejudice is required upon the plaintiff's failure to accomplish service of process within 120 days unless the plaintiff can show good cause why service was not made within that period. Additionally, when the United States, its agencies, officers and employees are defendants, Federal Rule of Civil Procedure 4(i)(4) allows for an extension of time to complete service of process when a party has failed to do so in certain respects as follows:

The Court must allow a party a reasonable time to cure its failure to:

>    (A)    serve a person required to be served under Rule 4(i)(2), if the party
>           has served either the United States attorney or the Attorney General
>           of the United States; or
>    (B)    serve the United States under Rule 4(i)(3), if the party has served the
>           United States officer or employee.

It is evident in the record that Plaintiffs did not comply with the foregoing rules in attempting to serve FEMA because they did not serve a copy of the Summons and the Complaint upon the United States Attorney for this District or the civil-process clerk at the office of the United States Attorney. Rather, Plaintiffs attempted to serve FEMA by delivering a copy of the Summons and the Complaint to a Regional Field Director in Hyattville, Maryland, as is evident from a certified mail receipt in the record (Document No. 31.). Plaintiffs have not shown that they took other steps to effectuate service of process upon FEMA not disclosed in the record. It further does not appear that Plaintiffs should be allowed a reasonable time to cure their failure to serve FEMA as the Rules require because the conditions specified in Rule 4(i)(4)(A) and (B) have not been met. Accordingly, FEMA's Motion to Dismiss should be granted.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiffs' Motion for Temporary Injunction (Document No. 20.), Motion for Emergency Injunctive Relief (Document No. 24.), Motion  for Entry of Default (Document No. 33.), and Motion for Temporary Restraining Order (Document No. 46.), **GRANT** Defendants' Motions to Dismiss (Document Nos. 10, 13 and 40.), **DISMISS** these consolidated actions and **ALLOW** Plaintiffs leave to amend their pleadings within a specific amount of time to state factual allegations only with respect to and in

support of their claim of FHA housing discrimination in conformity with Federal Rule of Civil Procedure 8(a)(2) if they can.

The parties are notified that these Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure,  Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served upon the presiding United States District Judge  Faber and this Magistrate Judge.

The Clerk is directed to file these Proposed Findings and Recommendation and to mail a copy of the same to Plaintiffs, who are acting *pro se*, and counsel of record.

Date: February 26, 2010.

R. Clarke VanDervort
United States Magistrate Judge

22